```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

STANDARD MORTGAGE                         CIVIL ACTION
CORPORATION

VERSUS                                    NO: 07-9240

CHRISTINE MCDONALD SMITH, ET              SECTION: J(1)
AL
```

**ORDER AND REASONS**

Before the Court is Defendant Oxford Insurance Agency, Inc.'s ("Oxford") **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 18).** This motion, which is opposed, was set for hearing on June 25, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that this matter must be remanded due to this Court's lack of jurisdiction.

## Background Facts

In August 2004, Homer McDonald, through his heir and attorney-in-fact Christine McDonald Mirabile, entered into an adjustable rate mortgage and an adjustable rate note with

Plaintiff.[1]  The McDonalds agreed to maintain flood insurance on the property at issue and to include on the flood and hazard insurance policies loss payable clauses in favor of Plaintiff. At the time of the execution of the mortgage and note, a flood insurance policy was issued by the Standard Fire Insurance Company ("Standard Fire").

In August 2005, the property was damaged by Hurricane Katrina.  In or prior to December 2005, Standard Fire issued checks to Constance McDonald Smith.  Plaintiff was not included as a payee on the checks, and the proceeds were not shared with Plaintiff.

On August 28, 2007, Plaintiff filed a petition against Standard Fire, as well as Constance McDonald Smith, Christine McDonald Mirabile, Oxford Insurance Agency, Inc., Gulf South Title Corporation, and Whitney National Bank.  As to Oxford, currently before the Court on its Motion to Dismiss, Plaintiff claims that it was damaged as a result of Oxford's negligence in failing to name Plaintiff as a loss payee on a flood policy issued by Standard Fire.

Standard Fire removed this matter pursuant to this Court's jurisdiction over cases arising out of a disputed flood insurance claim under the National Flood Insurance Program ("NFIP") and

---

[1]  Prior to the date of the closing, Christine McDonald Mirabile and Constance McDonald Smith, both heirs of Homer McDonald, had been granted power of attorney by Homer McDonald.

pursuant to 28 U.S.C. 1331.  This Court has supplemental jurisdiction under 28 U.S.C. 1367 over Plaintiff's state law claims against the remaining defendants, all of whom are domiciled in Louisiana.[2]

Since removal, several defendants have been dismissed, including Whitney National Bank, Christine McDonald Mirabile, and Standard Fire.  Oxford now seeks dismissal of all claims of Plaintiff against Oxford on the grounds that Plaintiff has failed to state a claim for which relief can be granted.

### The Parties' Arguments

In support of its motion to dismiss, Oxford argues that any action against it is perempted under La. R.S. 9:5606.[3]  Plaintiff

---

[2] Homer McDonald has since died, and Constance McDonald Smith and Christine McDonald Mirabile are believed to be his heirs.  Plaintiff alleges that these individuals have breached their contract with Plaintiff by the failure to require that Plaintiff be listed as a loss payee on the Standard Fire flood policy; by failing to insist that Standard Fire provide insurance proceeds to Plaintiff; by failing to restore or repair the subject property with the proceeds from Standard Fire; and by converting the proceeds for their own use.

As to Standard Fire, Oxford, Gulf South Title Corporation, and Whitney National Bank, Plaintiff alleges that these Defendants knew or should have known that the property was in a flood zone and that flood insurance was required. Additionally, Plaintiff alleges that these Defendants knew or should have known that Plaintiff was to be listed on the flood policy as a loss payee.

[3] La. R.S. 9:5606 provides:

> A.  No action for damages against any insurance agent, broker or solicitor, or other similar licensee under this state, whether based upon tort, or breach of

alleges that Oxford erred when it failed to designate Plaintiff as a loss payee on the McDonalds' flood insurance application. Therefore, any error by Oxford occurred prior to the issuance of the McDonalds' flood policy on August 16, 2004.  Because Plaintiff did not file suit until August 28, 2007, Oxford argues that Plaintiff's claim is perempted by the three year peremptive period in La. R.S. 9:5606.

In opposition, Plaintiff argues that its negligence claim against Oxford is not perempted under La. R.S. 9:5606 for two reasons: (1) that statute is inapplicable to the claims by Plaintiff against Oxford as the relationship between the two is not one "arising out of an engagement to provide insurance

---

> contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to an action filed within one year from the date of such discovery, and all events, such actions shall be filed at the latest within three years from the date of the alleged act, omission or neglect.
>
> . . . .
>
> D.  The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

services" as contemplated by the statute;[4] and (2) the Executive Orders of former Governor Kathleen Blanco suspended peremption statewide for a period following Hurricanes Katrina and Rita that extended the subject peremptive period beyond the date on which Plaintiff filed suit.

In reply, Oxford argues that La. R.S. 9:5606 by its plain language does not restrict itself to those claims between an insurance agency and its client.  Furthermore, according to Oxford, although Plaintiff suggests that its claim against Oxford does not arise out of an engagement to provide insurance services, it makes no effort to explain how Oxford's actions could have arisen out of anything other than an engagement to provide insurance services.  Although Plaintiff itself may not have engaged Oxford, the only reason Oxford is involved in Plaintiff's lawsuit is because Mr. McDonald engaged Oxford to procure the insurance coverage required by Plaintiff.

As to former Governor Blanco's Executive Orders, Oxford points to the subsequent modifications of the Orders by the legislature, specifically, La. R.S. 9:5822, which limits the suspension and/or extension of peremptive periods insofar as they are to apply only if these periods would have otherwise lapsed

---

[4] Plaintiff argues that it, as the mortgage lender, did not request or purchase the policy under which the claim was ultimately paid.  Furthermore, the courts have not applied this statute to limit a tort claim by a third party (to the insurance contract) against the insurance agency.

during the time period of August 25, 2005 through January 3, 2006.  In this case, Plaintiff admits that the three year peremptive period did not expire within the time frame contemplated by La. R.S. 9:5822, but rather on August 16, 2007. As such, Oxford argues that Plaintiff's claim against Oxford is perempted regardless of the Executive Orders.

## Discussion

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief.  The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

Before reaching the merits of Oxford's arguments, this Court must first determine whether it possesses subject matter jurisdiction over this matter.  Originally, the case was filed by a Louisiana plaintiff against Standard Fire (a flood carrier domiciled in Connecticut), and several other Louisiana defendants (Constance McDonald Smith, Christine McDonald Mirabile, Oxford

6

Insurance Agency, Inc., Gulf South Title Corporation, and Whitney National Bank). The basis for jurisdiction over Plaintiff's claims against the Louisiana defendants is supplemental jurisdiction under 28 U.S.C. 1367.

However, Plaintiff dismissed its claim against Standard Fire effective June 6, 2008. As such, the only federal claim in this matter has been dismissed, leaving only state law claims. Under 28 U.S.C. 1367, a district court "may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." See 28 U.S.C. 1367(c); Batiste v. Island Records, Inc., 179 F.3d 217, 221 n.4 (5th Cir. 1999). The foundation for refusing to exercise jurisdiction over such state law claims lies in the notion that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Guzzino v. Felterman, 191 F.3d 588, 594 (5th Cir. 1999).

As such, the general rule is to decline to exercise jurisdiction over pendant state-law claims when all federal

claims are dismissed or otherwise eliminated from a case prior to trial.  Batiste,179 F.3d at 227; see also Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988) (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").  Still, this rule is not mandatory and no single factor is dispositive.  Batiste, 179 F.3d at 227.  The Court's wide discretion to decline to exercise jurisdiction and remand the case back to state court following a dismissal of all federal claims depends on both the specific circumstances of the case at bar, and the balance of "the relevant factors of judicial economy, convenience, fairness, and comity."  Id.; see also Cohill, 484 U.S. at 350 n.7; Robertson v. Neuromedical Center, 161 F.3d 292, 296 (5th Cir. 1998).

For instance, in Batiste v. Island Records, Inc., the district court's decision to refuse to exercise jurisdiction came after the case had been pending for almost three years and trial was to begin one month later.  179 F.3d at 226-27.  Based on the resulting prejudice to the parties, this decision was overturned on appeal.  Id. at 228.  Conversely, in Cohill, when the single federal-law claim in the action was eliminated at an early stage of the litigation, the appellate court upheld the district

8

court's decision not to exercise jurisdiction.  484 U.S. at 350-51, 357.

Consideration of these factors as they are applied to the present case demonstrates that this case should be remanded to state court for consideration of the remaining state law issues. Once Plaintiff's claim against Standard Fire, the only federal claim in this matter, was dismissed, only state law claims remain.  The present case was removed to federal court on December 3, 2007.  In other words, the case has been pending in federal court for less than one year.  In addition, there is no scheduling order in place and no trial date has been set.  As a result, there would be little or no prejudice to the parties if the proceedings were remanded to state court as per the district court's wide discretion to do so.  Accordingly,

**IT IS ORDERED** that the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana, this 11th day of July, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE